UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

LEAMMAD SANDERS,

                          Plaintiff,

        -against-

CITY OF NEW YORK, ZAKEE SMITH, ANTHONY
CAROZZA, HECTOR MORALES, STEVEN TALVY,
JOHN DEVITO, JOSEPH TILLOTSON, and JOHN and
JANE DOE 1 Through 10, individually and in their official
capacities (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                          Defendants

-------------------------------------------------------------------------X

**AMENDED COMPLAINT**

08 CV 4996 (KAM)(RML)

<u>Jury Trial Demanded</u>

        Plaintiff LEAMMAD SANDERS, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows.

## **PRELIMINARY STATEMENT**

        1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the State of New York and the United States. Plaintiff also asserts supplemental state law claims.

## **JURISDICTION**

        2.     The action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, and Fourteenth Amendments to the United States Constitution.

        3.     Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## **VENUE**

        4.     Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff LEAMMAD SANDERS is a male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, City of New York.

9. That at all times hereinafter mentioned, the individually named defendants ZAKEE SMITH, ANTHONY COROZZA, HECTOR MORALES, STEVEN TALVY, JOHN DEVITO, JOSEPH TILLOTSON, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the States or City New York.

11. Each and all of the acts of the defendants alleged herein were done by said

defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

12.  Each and all of the acts of the defendant alleged herein were done by said defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

## FACTS

13.  On September 14, 2007 beginning at approximately 2:30 p.m., plaintiff LEAMMAD SANDERS was lawfully present in the vicinity of Buffalo Avenue, Brooklyn New York. At the aforementioned time and place, defendant City of New York, its agents, employees, supervisors, and police officers, acting under color of law, unlawfully, and without reasonable suspicion or any just cause, brutally assaulted and battered, and thereafter falsely arrested, imprisoned, strip searched and maliciously prosecuted plaintiff LEAMMAD SANDERS.

14.  The following is a summary. At the aforesaid time and place, the defendant NYPD police officers, including defendants SMITH, DEVITO, MORALES, and TALVY, illegally approached, seized, detained and searched the plaintiff, while defendants CAROZZA and TILLOTSON watched, yet failed to intervene. Thereafter, the defendant NYPD police officers, led by defendant SMITH, assaulted and battered plaintiff, and/or stood by and failed to intervene while SANDERS was brutally beaten. Among other things, defendant SMITH pushed and slapped SANDERS and repeatedly struck him with a metal asp about his head, arms and body. SMITH brutally struck SANDERS repeatedly in the face and arm with his metal asp. Thereafter, SMITH, DEVITO, and MORALES forcibly restrained plaintiff, and handcuffed plaintiff with over-tightened handcuffs. While plaintiff was handcuffed, he was again struck

3

with an asp. Upon information and belief, both SMITH and MORALES unlawfully used their asps during the incident. Upon information and belief, their supervisor, defendant TALVY, was not trained in the use of the asp.

15. Despite plaintiff's obvious severe injuries and the requirement for immediate medical treatment, the defendants transported SANDERS in a police vehicle to the 77th precinct stationhouse. Upon information and belief, the defendants transported plaintiff to the precinct so that the defendants could conspire with one another to fabricate evidence and determine the best course of action to cover up and justify the brutal assault perpetrated upon plaintiff. Plaintiff was subjected to further abuse at the NYPD 77th Precinct stationhouse, where, instead of providing immediate necessary medical attention for his serious injuries, he was illegally strip searched, with negative results.

16. It was only after this search that the defendants summoned an ambulance, which transported SANDERS to Kings County Hospital.

17. At Kings County Hospital, SANDERS was diagnosed, with, among other things, a complete, comminuted fracture of the right mandible, a right humerus condyle fracture, lacerations including some that required sutures, contusions, and extreme pain and suffering.

18. Realizing the severity of the beating inflicted on SANDERS, the defendants, including defendants CAROZZA and TALVY, conspired to refer false felony charges against SANDERS to the Kings County District Attorneys' Office in an effort to cover up their brutality. The defendants also conspired to cover up the beating, by, among other things, not calling Internal Affairs as required by the NYPD Patrol Guide until hours after the incident, and then providing false and/or misleading statements to IAB in an effort to cover up their acts of brutality.

19. The defendants, through defendant CAROZZA, swore out a criminal court complaint charging SANDERS with committing purported felony offenses. Based on the false allegations, SANDERS was unlawfully imprisoned until on or about September 16, 2007, when he was released on bail following his arraignment on the baseless charges filed in Kings County Criminal Court. The defendants initiated said prosecution without probable cause and with malice, and otherwise caused the prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned acts of brutality.

20. The defendants' statements to the Kings County District Attorney's office and to the Criminal Court caused bail to be set, caused plaintiff to be detained for an extended period of time, and caused plaintiff to be compelled to return to Court and to be otherwise deprived of his liberty.

21. Upon information and belief, all of the purported charges that were levied against plaintiff by the defendants were dismissed, sealed and otherwise deemed legal nullities on March 28, 2008, pursuant to a directive of a Grand Jury empanelled in Kings County that heard the defendants' testimony, yet found on or around December 7, 2007, that probable cause did not exist for SANDERS to be prosecuted.

22. All of the above occurred while the other NYPD officers who were present or had knowledge of the above-described facts witnessed yet failed to intervene in the illegal conduct described herein.

23. As a result of the foregoing, plaintiff LEAMMAD SANDERS sustained, *inter alia,* physical injuries, emotional distresses, embarrassment, and humiliation, and deprivation of his liberty and constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights under 42 U.S.C. § 1983)

24. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "23" with the same force and effect as if fully set forth herein.

25. All of the aforementioned acts of defendants, their agents, servants and employee were carried out under the color of state law.

26. All of the aforementioned acts deprived plaintiff LEAMMAD SANDERS of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United of America, and in violation of 42 U.S.C. §1983.

27. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

28. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

29. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

### AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

30. Plaintiff repeats, reiterates, and realleges each and every allegation contained in

6

paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31. The level of force employed by defendants was excessive, objectively unreasonable, and otherwise in violation of plaintiff LEAMMAD SANDERS' constitutional rights.

32. As a result of the aforementioned conduct of defendants, plaintiff LEAMMAD SANDERS was subjected to excessive force and sustained serious physical injuries.

### AS AND FOR A THIRD CAUSE OF ACTION
(False Arrest 42 U.S.C. § 1983)

33. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. Defendants intentionally confined the plaintiff and held him in police custody for an extended period of time without probable cause or privilege.

35. The aforementioned misconduct deprived plaintiff of his right to be free from false arrest, and as a result, plaintiff was injured.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Unlawful Strip Search under 42 U.S.C. § 1983)

36. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. Plaintiff was subjected to a strip search in the absence of reasonable individualized suspicion that plaintiff was concealing weapons or contraband at the time the search was conducted.

38. As a result of the aforementioned conduct of defendants, plaintiff LEAMMAD SANDERS' right to be free from unreasonable strip searches was violated.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. Defendants maliciously issued criminal process against plaintiff LEAMMAD SANDERS by causing him to be arraigned and prosecuted in Criminal Court.

41. Defendants caused plaintiff LEAMMAD SANDERS to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their acts of brutality.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. Defendants initiated, commenced and continued a malicious prosecution against plaintiff LEAMMAD SANDERS.

44. Defendants caused plaintiff LEAMMAD SANDERS to be prosecuted without any probable cause until the charges were dismissed on or about March 28, 2008.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

45. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. Defendants had an affirmative duty to intervene on behalf of plaintiff LEAMMAD SANDERS, whose constitutional rights were being violated in their presence by other officers.

47. The defendants failed to intervene to prevent the unlawful conduct described

herein.

48. As a result of the foregoing, plaintiff LEAMMAD SANDERS'S liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints, and detained and prosecuted without probable cause. Further, plaintiff sustained severe and permanent physical injuries.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

49. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50. The supervisory defendants, including defendant TALVY, personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

### AS AND FOR A NINTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

51. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

53. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, physically abusing citizens and then committing perjury and/or manufacturing evidence in an effort to convict such individuals, conducting strip searches in the absence of individualized suspicion that the suspect being searched was in possession of weapons or contraband at the time of the search, failing to

properly document said strip searches, and inadequately training and supervising NYPD officers who are issued asps. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff LEAMMAD SANDERS' rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

54. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff LEAMMAD SANDERS.

55. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff LEAMMAD SANDERS as alleged herein.

56. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff LEAMMAD SANDERS as alleged herein.

57. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff LEAMMAD SANDERS was unlawfully seized, beaten, detained, incarcerated, prosecuted, and subjected to physical abuse.

58. Defendants, collectively and individually, while acting under color of state law,

were directly and actively involved in violating plaintiff LEAMMAD SANDERS' constitutional rights.

59. All of the foregoing acts by defendants deprived plaintiff LEAMMAD SANDERS of federally protected rights, including, but not limited to, the right:

  A. Not to be deprived of liberty without due process of law;

  B. To be free from seizure and arrest not based upon probable cause;

  C. To be free from malicious abuse of process and/or malicious prosecution;

  D. To be free from false imprisonment/arrest;

  E. To receive equal protection under law;

  F. To be free from unlawful strip searches;

  G. To be free from the use of excessive force and/or the failure to intervene.

60. As a result of the foregoing, plaintiff LEAMMAD SANDERS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

61. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

63. The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

64. The action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

65. Plaintiff has complained with all conditions precedent to maintaining the instant action.

66. Their action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A TENTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

67. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68. As a result of the foregoing, plaintiff LEAMMAD SANDERS was placed in apprehension of imminent harmful and offensive bodily contact.

69. As a result of defendant's conduct, plaintiff LEAMMAD SANDERS has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

70. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71. Defendants made offensive contact with plaintiff without privilege or consent.

72. As a result of defendant's conduct, plaintiff LEAMMAD SANDERS has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR A TWELFTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

73. Plaintiff repeats, reiterates and each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

75. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

76. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

77. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff LEAMMAD SANDERS.

78. As a result of the aforementioned conduct, plaintiff LEAMMAD SANDERS suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

79. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "78" with the same force and effect as if fully set forth herein.

80. Defendants intentionally confined the plaintiff in the absence of probable cause or privilege.

81. As a result of the aforementioned conduct, plaintiff LEAMMAD SANDERS was unlawfully imprisoned in violation of the laws of the State of New York.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
### (Malicious Abuse of Process under the laws of the State of New York)

82. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "81" with the same force and effect as if fully set forth herein.

83. Defendants maliciously issued criminal process against plaintiff LEAMMAD SANDERS by causing him to be arraigned and prosecuted in Criminal Court.

84. Defendants caused plaintiff LEAMMAD SANDERS to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their acts of brutality.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
### (Malicious Prosecution under the laws of the State of New York)

85. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

86. Defendants initiated, commenced and continued a malicious prosecution against plaintiff LEAMMAD SANDERS.

87. Defendants caused plaintiff LEAMMAD SANDERS to be prosecuted without any probable cause until the charges were dismissed on or about March 28, 2008.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
### (Unlawful Strip Search under the laws of the State of New York)

88. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "87" with the same force and effect as if fully set forth herein.

89. Plaintiff was subjected to an unreasonable strip search.

90. As a result of the aforementioned conduct of defendants, plaintiff LEAMMAD SANDERS was strip searched in violation of New York law.

**AS AND FOR A SEVENTEENTH CAUSE OF ACTION**
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

91.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbered "1" through "90" with the same force and effect as if fully set forth herein.

92.     Upon information and belief, defendant City of New York failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff LEAMMAD SANDERS.

93.     Defendant City of New York knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in the Complaint.

**AS AND FOR AN EIGHTEENTH CAUSE OF ACTION**
(Negligent Training and Supervision under the laws of the State of New York)

94.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "93" with the same force and effect as if fully set forth herein.

95.     Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff LEAMMAD SANDERS.

**AS AND FOR A NINETEENTH CAUSE OF ACTION**
(Negligence under the laws of the State of New York)

96.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "95" with the same force and effect as if fully set forth herein.

97.     Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant City of New York and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR A TWENTIETH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

98. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "97" with the same force and effect as if fully set forth herein.

99. Defendant City of New York is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

100. As a result of the foregoing, plaintiff LEAMMAD SANDERS is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of their action.

**WHEREFORE**, plaintiff LEAMMAD SANDERS demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C) reasonable attorney's fees and the costs and disbursements of their action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
November 16, 2009

LEVENTHAL & KLEIN, LLP
45 Main St., Suite 230
Brooklyn, New York 11201
(718) 722-4100

By: _____
BRETT H. KLEIN (BK4744)

Attorney for Plaintiff LEAMMAD SANDERS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

LEAMMAD SANDERS,

                                  Plaintiff,        08 CV 4996 (KAM)(RML)

    -against-

CITY OF NEW YORK, ZAKEE SMITH, ANTHONY
CAROZZA, HECTOR MORALES, STEVEN TALVY,
JOHN DEVITO, JOSEPH TILLOTSON, and JOHN and
JANE DOE 1 Through 10, individually and in their
official capacities (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                                  Defendants.

-------------------------------------------------------------------------X

**AMENDED COMPLAINT**

LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiff LEAMMAD SANDERS
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100